Argued January 7, reversed February 24, 1965

# BOOTH *v.* NIRSHEL
399 P. 2d 364

*Gerald R. Pullen,* Portland, argued the cause for appellant. On the brief was Robert P. Jones, and Hershiser, McMenamin, Blyth & Jones.

*Walter H. Sweek,* Portland, argued the cause for respondent. With him on the brief were Vergeer & Samuels and Thomas A. Cavanaugh.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and LUSK, Justices.

## LUSK, J.

Plaintiff was a seasonal employee of the defendant at his mink farm during December 1960. About December sixth she accidentally injured her right thumb and wrist while engaged in stretching a mink pelt over a frame. Defendant was insured by United States Fidelity and Guaranty Company under a policy by which the company agreed to pay to defendant's employees who should be accidentally injured in the course of their employment compensation as provided in the Oregon Workmen's Compensation Law. Plaintiff had knowledge of this policy which she alleges contained a clause limiting the time within which to

file a claim for compensation to one year from the date of the accidental injury. She failed to file a claim within the time limited and thus lost her right to the benefit of the insurance. On the theory that this unfortunate result was brought about by the negligence of her employer, plaintiff sued him to recover the amount of the benefits for which the company would otherwise have been liable, and in a jury trial recovered a judgment from which defendant has appealed.

The defendant assigns error to the court's denial of his motions for a nonsuit and directed verdict.

Plaintiff alleged in her fourth amended complaint, upon which the case was tried, that she notified defendant of her injury shortly after it was sustained; that defendant advised her to consult a doctor and that the benefits of the policy were available to her, and that plaintiff consulted doctors seeking treatment for her injury and was advised that surgery would be necessary which would cost $400. The pleading continues: "That thereafter the defendant carelessly and negligently failed, neglected and refused to report the occurrance [sic] of the accident * * * to his said insurance company as required by the terms and conditions of said policy of insurance, until April, 1962 and carelessly and negligently permitted the time within which the said company would accept the plaintiff's claim * * * to expire * * *."

The evidence shows that after sustaining her injury plaintiff reported the occurrence to the defendant, who in turn reported it by telephone to the insurance company and advised plaintiff to see a doctor. Plaintiff saw Dr. Meyer, a chiropractor, and, according to her testimony, when she told defendant she had

done so, the defendant said that "his insurance company doesn't recognize him as a doctor." And "he [defendant] refused to do anything because it was a chiropractor, so I told him, 'O.K., I'll go to a different doctor,' but he says, 'No, and you've already gone so'—". Her answer was interrupted by another question of her attorney and was never completed. She did go to another doctor, but this was not until April, 1962.

After the defendant reported the injury to the insurance company the latter mailed him a report form for him to fill out and medical report forms to be delivered to the plaintiff so that she could have her doctor complete them. The defendant did not fill out the report form and the plaintiff never received the medical forms from him. She testified that the defendant told her "there were too many papers to fill out, and it would just take too much of his time." Defendant testified that he offered her the medical forms, but that she said "it was nothing," and returned to work until the end of the season, which was about January 1, 1961. On this and other conflicts in the evidence, we are, of course, required to treat the plaintiff's testimony as true.

The court withdrew from the jury's consideration the charge that the defendant negligently failed to make a written report to the insurance company. This ruling was correct, as we shall show. The court submitted to the jury the charge in the complaint that the defendant "negligently permitted the time within which the said company would accept the plaintiff's claim * * * to expire." This, we think, was error. It is elementary that where there is no duty there is no negligence. The contract of insurance provides

that "[a]ll of the provisions of the workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so far as they apply to compensation and other benefits provided by this policy * * *." The Workmen's Compensation Law imposes the duty to file a claim, not on the employer, but on the injured workman: ORS 656.272. While it may be that an employer would incur a liability to an injured employee, such as is here asserted, for misleading the employee into failing to file a claim, this is not the charge in the complaint. In fact, the complaint fails to state a cause of action, for neither by express averment nor implication of law does it disclose any duty violated by the defendant or the commission of any wrongful act by him which prevented the plaintiff from filing a claim with the insurance company within the time limited.

▪ The insurance contract is both a contract to pay workmen's compensation and an employer's liability policy. It contains a provision requiring the insured to give written notice of an injury. Plaintiff contends that compliance with this provision is a condition precedent to the recovery of insurance benefits by an injured employee and that defendant's failure to give such notice was the cause of her loss. We do not think this position tenable. In the first place, the company did not base its refusal to pay on that ground, but solely on the ground that no claim had been filed within the statutory time. In the second place, the provision does not apply. The claims manager of the company, called as a witness for the plaintiff, so testified, and that it applied only to the employer's liability act contract. He was clearly right. In addition to the provision above quoted, writing into the contract for workmen's compensation the applicable sections of the

Workmen's Compensation Act, the policy provides: "Terms of this policy which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law." Under the compensation law a claimant in non-fatal cases must file a claim on forms furnished by the commission within three months after the date of the accident, but the commission in its discretion may permit the claim to be filed within one year. ORS 656.272, 656.274. (In this case the parties seem to agree that the one-year provision was applicable.) ORS 656.422 requires employers to report accidents to the commission within five days after knowledge thereof and imposes penalties for failure to comply with this provision. No other consequences attach to such failure and the right of the injured workman to recover compensation in no way depends upon such compliance. It follows that the provision requiring notice of an injury by the employer could not be given the effect contended for by the plaintiff without bringing it into conflict with the Workmen's Compensation Act and the provision that the terms of the policy in conflict with the Act are amended to conform to the Act.

■ Beyond this, another provision of the policy relating specifically to workmen's compensation coverage reads: "As between the employee and the Company, notice or knowledge of the injury on the part of the Insured shall be notice or knowledge, as the case may be, on the part of the Company; * * *." Since the defendant had knowledge of the injury on the day it occurred, the company, under this provision, was charged with such knowledge and could not have disclaimed liability because of the failure of the defendant to report the injury to it in writing, and as already

stated, the company never did refuse to pay on that ground.

The court erred in denying defendant's motion for a directed verdict and the judgment is reversed with directions to enter judgment for the defendant.